

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2504 | **DATE** | 10/23/2002 |
| **CASE TITLE** | Moberg vs. City of W Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' Motion to Dismiss Portions of Plaintiffs' Second Amended Complaint at Law is granted in part and denied in part. Count Three of Plaintiffs' Second Amended Complaint is hereby dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 24 2002 date docketed | 63 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 02 OCT 24 PM 12:51 | date mailed notice | |
| TH✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD and LAURA MOBERG, )
)
Plaintiffs, )
) No. 00 C 2504
v. )
) Honorable Amy J. St. Eve
CITY OF WEST CHICAGO, an Illinois )
Municipal Corporation, MICHAEL )
GUTTMAN, individually, MICHAEL )
BAKER, individually and SCOTT )
MARQUARDT, individually, )
)
Defendants. )

**DOCKETED**

OCT 2 4 2002

## MEMORANDUM OPINION AND ORDER

Defendants have moved to dismiss Counts Three and Four of Plaintiffs' Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, Defendant's motion is granted with respect to Count Three and denied with respect to Count Four.

### BACKGROUND

Plaintiffs Richard and Laura Moberg have sued Defendants City of West Chicago, Michael Guttman, Michael Baker and Scott Marquardt in a four count complaint arising out of Defendants' actions concerning Plaintiffs' commercial property in West Chicago, Illinois. Plaintiffs have alleged violations of the Equal Protection Clause, 42 U.S.C. § 1983, the *Monell* doctrine, and willful and wanton conduct. Plaintiffs contend that Defendants willfully imposed arbitrary and capricious requirements on Plaintiffs in connection with the occupancy of

1

Plaintiffs' West Chicago property, including requirements to remove and restore certain aspects of the property. Plaintiffs further allege that Defendants's actions disregarded their constitutional rights and caused them to suffer significant monetary damages. Plaintiffs seek compensatory and punitive damages.

## ANALYSIS

### I. Legal Standards

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Associates, Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); *Majchrowski v. Norwest Mortgage*, 6 F.Supp.2d 946, 952 (N.D. Ill.1998). In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992). The Court views all the facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000); *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). Dismissal is appropriate only where it appears beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir.1999); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). Nonetheless, the complaint must allege the elements of each cause of action in order to withstand a motion to dismiss. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992).

### II. Count Three -- Violation of Constitutional Rights Under *Monell*

Count Three alleges that Defendants have violated Defendants' Constitutional rights

2

under *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Defendants contend that Plaintiffs' allegations are insufficient to state a *Monell* claim because Plaintiffs have not based their allegations on Defendants' enforcement of an existing municipal policy or custom. Instead, Plaintiffs allege that Defendants' actions have violated their Constitutional rights by means of an "informal" policy and because the actions were continuous and varied.

To state a claim under *Monell*, Plaintiffs must allege: (1) unconstitutional conduct perpetrated by a municipal employee, *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1998); (2) the unconstitutional conduct was the result of a municipal policy, *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986); and (3) a causal link between the unconstitutional action and the plaintiff's injury. *Monell*, 436 U.S. at 694. This case focuses on the second element requiring Plaintiffs to allege that a Constitutional deprivation occurred as the result of a City policy or custom. *Monell*, 436 U.S. at 694. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under 1983 on a *respondeat superior* theory." *Id.* at 691 (emphasis in original).

As Plaintiff correctly notes, however, a policy does not have to be ratified to satisfy the test under *Monell*. Indeed, there are three ways to plead a violation of constitutional rights under *Monell*: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994)

3

(citations and quotations omitted). *See also McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

Plaintiffs' Count Three, however, fails to satisfy any of these potential avenues available under *Monell*. Plaintiffs admittedly have not pled a written or express policy. Further, Plaintiffs have failed to allege that Defendants' actions amounted to a widespread practice or custom. Finally, Plaintiffs never allege that anyone with "final policymaking authority" caused their Constitutional injuries.

At most, Plaintiffs allege a series of wrongs and arbitrary actions by the Defendants solely against the Plaintiffs. They do not allege that Defendants carried out such actions toward any other individuals. To the contrary, Plaintiffs allege that Defendants treated others who were similarly situated under different, fair standards. Such allegations of isolated treatment directed only toward Plaintiffs do not rise to the level of policy or widespread custom required under *Monell*. *See, e.g., Baxter*, 26 F.3d at 736 (no policy where plaintiff alleged only that defendants conspired to take action against plaintiff); *Watson v. Village of Glenview*, No. 99 C 6811, 2000 WL 283877, at *3 (N.D.Ill. Mar. 10, 2000) (a "plaintiff's own isolated experiences" do not satisfy policy or custom requirements); *Silva v. City of Chicago*, No. 99 C 6811, 1996 WL 535244 at *4 (N.D. Ill. Sept. 18, 1996) (no policy where plaintiff did not "even attempt to refer to any incidences other than the incidents in his own case"). Accordingly, Count Three of the First Amended Complaint is dismissed for failure to state a claim upon which relief can be granted.

### III. Count Four -- Willful and Wanton Conduct

In Count Four of the complaint -- entitled "Willful and Wonton Conduct" -- Plaintiffs allege that Defendants "willfully and knowingly imposed requirements upon the Plaintiffs which

4

has [sic] no basis in law or fact and were imposed upon no other similarly situated persons." (R. 50-1, Second Am. Compl., ¶ 82). They further allege that Defendants actions were "knowing, willful and in reckless disregard of the Plaintiffs' rights." (*Id.* ¶ 108).

Defendants maintain that there is no cause of action for willful and wanton conduct, but that if such a cause of action does exist, it is limited to cases where the plaintiff has suffered physical injuries. Plaintiffs argue that they have sufficiently pled willful and wanton conduct "to withstand a Tort Immunity challenge." (R. 58-1, Pls.' Resp. to Mot. to Dismiss at 6). Plaintiffs cite a string of cases for this proposition, but none of these cases are particularly helpful. The Court's own research, however, confirms that Illinois does recognize a cause of action for willful and wanton conduct against public officials.

The Illinois Tort Immunity Act provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such conduct or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202 (West 2002). In *Doe v. Calumet City*, the Illinois Supreme Court held that Section 2-202 provides for a cause of action for willful and wanton conduct against a public official. 161 Ill.2d 374, 388, 641 N.E.2d 498, 505 (Ill. 1994). The Court held that "plaintiffs can escape the statutory immunities granted municipalities and their employees either by proving facts that show the existence of a special duty and proving simple negligence or by proving willful and wonton conduct alone. *Id.* at 390, 641 N.E.2d at 506. Moreover, the Court noted that a claim for alleged willful and wanton conduct should be brought as a separate count. *Id.* at 388, 641 N.E.2d at 505 ("We acknowledge that carving a willful and wanton count from plaintiffs' negligence count presents a technical violation of our practice rules requiring that each cause of action be stated in a separate count.").

5

Defendants cite *El-Uri v. City of Chicago*, 186 F.Supp.2d 844 (N.D. Ill. 2002), for the proposition that there can be no separate claim for alleged willful and wanton conduct. In *El-Uri*, the court found that alleged willful and wanton conduct could not support a separate cause of action, relying on *Ziarko v. Soo Line R. Co*, 161 Ill.2d 267, 641 N.E.2d 402 (Ill. 1994). But *Ziarko* did not involve a claim against a public official, and the Illinois Supreme Court did not address the Tort Immunity Act in that case. Instead, the plaintiff in *Ziarko* sued a railroad company and railroad yard operator for injuries he sustained in an accident. *Ziarko*, 161 Ill.2d at 268-69, 614 N.E.2d at 403. At most, *Ziarko* stands for the proposition that there can be no separate claim for alleged willful and wanton conduct against a private party, especially in light of the Illinois Supreme Court's clear holding in *Doe* that there can be a separate count for alleged willful and wanton conduct against a municipality. Thus, *El-Uri* is not persuasive authority here.

The Tort Immunity Act defines willful and wanton conduct as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210. The question of whether a defendant's conduct rises to the level of willful and wanton is ultimately a question for the jury. *Doe*, 161 Ill.2d at 390, 641 N.E.2d at 506. Because Plaintiffs have alleged that Defendants acted "willfully and knowingly," (R. 82-1, Pls. Second Am. Compl. ¶ 82), and that Defendants' actions were "willful," (*id.* at ¶ 108), Plaintiffs have stated a cause of action for alleged willful and wanton conduct. Defendants' motion to dismiss Count Four is therefore denied.

## CONCLUSION

Plaintiffs have failed to state a claim in Count Three of the Complaint, but have sufficiently alleged a claim for willful and wonton conduct in Count Four of the Complaint. Accordingly, the Court grants Defendants' motion to dismiss in part, and denies it in part. Count Three of the Complaint is hereby dismissed pursuant to Rule 12(b)(6). Count Four stands.

DATED: October 23, 2002                    ENTERED

                                           _____
                                           AMY J. ST. EVE
                                           United States District Court Judge