# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2504 | **DATE** | 12/16/2002 |
| **CASE TITLE** | Moberg vs. City of West Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for reconsideration is denied because Defendants have raised new legal arguments that they could have raised in their initial motion. Count Four stands.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 17 2002 date docketed | 77 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| TH ✓ | courtroom deputy's initials | 02 DEC 16 PM 3:45 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 17 2002

| | |
|---|---|
| RICHARD and LAURA MOBERG, | |
| Plaintiffs, | |
| v. | No. 00 C 2504 |
| | Honorable Amy J. St. Eve |
| CITY OF WEST CHICAGO, an Illinois Municipal Corporation, MICHAEL GUTTMAN, individually, MICHAEL BAKER, individually and SCOTT MARQUARDT, individually, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Defendants have moved pursuant to Fed.R.Civ.P. 59(e) for reconsideration of the Court's October 24, 2002 opinion (the "Opinion"). In that Opinion, the Court denied Defendants' motion to dismiss Count Four of Plaintiffs' Second Amended Complaint alleging "Willful and Wonton Conduct." For the reasons set forth below, Defendants' motion is denied.

## BACKGROUND

Plaintiffs Richard and Laura Moberg sued Defendants City of West Chicago, Michael Guttman, Michael Baker and Scott Marquardt in a four count complaint arising out of Defendants' actions concerning Plaintiffs' commercial property in West Chicago, Illinois. On October 24, 2002, the Court granted Defendants' motion to dismiss Plaintiffs' *Monell* claim in Count Three and denied Defendants' motion to dismiss the willful and wanton conduct claim in Count Four. Defendants now seek reconsideration of the Court's Order regarding Count Four.

1

77

## ANALYSIS

I. **Legal Standards**

As the party seeking reconsideration, Plaintiffs bear a heavy burden. The Seventh Circuit has repeatedly cautioned that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ's, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted); *see also In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F.Supp. 261, 267 (N.D. Ill. 1992) ("motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments."). Accordingly, a court will entertain a motion for reconsideration only where the moving party can establish that the law or facts have changed significantly since the issue was presented, or the court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented," or has "made an error not of reasoning, but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185, 1191 (7th Cir. 1990). Whether to grant reconsideration is committed to the sound discretion of the court. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

II. **Defendants Motion Was Timely**

As an initial matter, Plaintiffs argue that Defendants' motion for reconsideration, filed on November 8, 2002, must be struck as untimely pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) provides that any motion to alter or amend a judgment must be filed no later than ten days after entry of the judgment. When calculating when this window closes, however, Federal Rule of Civil Procedure 6(a) provides that Saturdays, Sundays, and holidays should not be included because the time period for seeking to alter or amend a judgment is less than eleven

days. Further, Rule 6(a) also provides that the actual day that the judgment is entered is not included when calculating when the ten day period elapses. Finally, Rule 6(e) provides that when calculating the time to alter or amend a judgment, three days must be added to the ten day time period if the party has received notice of the judgment by mail. *See, e.g., Kruger v. Apfel*, 214 F.3d 784, 786 (7th Cir. 2000).

The Court issued its Order on Defendants' Motion to Dismiss on October 24, 2002, and thus, the ten day period commenced on October 25, 2002. Excluding Saturdays and Sundays pursuant to Rule 6(a) and adding three extra days under Rule 6(e) because the Court mailed the Order to the parties, the deadline for any motion to alter or modify the Order was due no later than November 11, 2002. Thus, Defendants' motion was timely.

### III. Willful and Wanton Conduct

In its October 24, 2002, the Court denied Defendants' motion to dismiss Plaintiffs' willful and wanton charge and held that Illinois recognizes a cause of action for willful and wanton conduct against public officials. The Court did not address any specific immunity provisions set forth in the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 *et seq.* (West 1998) (the "Illinois Tort Immunity Act"), because neither party argued that any such provision applied to this case.[1]

#### A. Waiver of New Arguments on a Motion to Dismiss

In their original motion to dismiss, Defendants argued that there is no separate cause of action for willful and wanton conduct. They further argued that if such a cause of action does

---

[1] Plaintiffs failed to respond to the substantive arguments raised in Defendants' motion for reconsideration.

3

exist, it is limited to cases where the plaintiff has suffered physical injuries. In support of their rather cursory motion, Defendants relied principally on *El-Uri v. City of Chicago*, 186 F.Supp.2d 844 (N.D. Ill. 2002), which was clearly distinguishable from their arguments. Significantly, Defendants never argued that Section 2-104 of the Illinois Tort Immunity Act provided them with immunity for their alleged conduct. Nor did they contend that Section 2-206 of the Illinois Tort Immunity Act immunized their actions.

Now, for the first time on their motion for reconsideration, Defendants argue that both Section 2-104 and Section 2-206 support dismissal of Plaintiffs' willful and wanton conduct charges. Because Defendants have raised these arguments for the first time in their motion for reconsideration, they have waived these arguments and their motion is denied. *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 (7th Cir. 1994) ("raising this argument for the first time in the motion for reconsideration is not adequate to preserve the issue for appeal and definitively waives it") *(citing Publishers Resource Inc. v. Walker-Davis Publications Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)); *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 94 C 897, 2001 WL 293135, at *2 (N.D. Ill. Mar. 23, 2001) ("reconsideration will not be granted to allow the losing party to present new legal arguments or facts which the party could have presented during the pendency of the underlying motion").[2]

### B. The Illinois Tort Immunity Act

Even assuming that Defendants had timely raised their arguments based on Section 2-104 and Section 2-206, however, they would not succeed at this stage. Under the Illinois Tort

---

[2] Defendants are not precluded from raising this argument in a later motion for summary judgment or as a defense at trial.

4

Immunity Act, "Illinois adopted the general principle that local governmental units are liable in tort, but limited this liability with an extensive list of immunities based on specific government functions." *Village of Bloomingdale v. CDG Enterprises, Inc.*, 196 Ill.2d 484, 488, 752 N.E.2d 1090, 1095 (2001) (citations omitted). Where a plaintiff has alleged a cause of action against a defendant, the defendant must assert a specific immunity provision governing the conduct at issue in order to be immune from tort liability.

Defendants argue that they are immune from a willful and wanton cause of action under Sections 2-104, 2-206 and 2-201 of the Illinois Tort Immunity Act. Sections 2-104[3] and 2-206[4] apply to injuries arising from a public entity's or employee's "issuance, denial, suspension or revocation of . . . any permit [or] license," and Section 2-201[5] pertains to injuries resulting from a public employee's "determining policy when acting in the exercise of such discretion . . ." Defendants are correct that there is immunity for a public employee's alleged willful and wanton behavior under these sections of the Illinois Tort Immunity Act. *See In re Chicago Flood*

---

[3] Section 2-104 provides: "A local public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit license, certificate, approval, order or similar authorization where the entity or its employee is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked." 745 ILCS 10/2-104.

[4] Section 2-206 provides: "A public employee is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit license, certificate, approval, order or similar authorization where the entity or its employee is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked." 745 ILCS 10/2-206.

Section 2-201 provides: "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abuse." 745 ILCS 10/2-201.

*Litigation*, 176 Ill.2d 179, 196, 680 N.E.2d 265, 273 (1997) (City of Chicago immune for willful and wanton conduct under Section 2-201 because that section did not contain an exception to immunity for alleged willful and wanton conduct); *Village of Bloomingdale*, 19 Ill.2d at 496, 752 N.E.2d at 1099 (Section 2-104 "contains no reference to intent whatsoever and, again, it certainly does not contain an exception for 'willful and wanton misconduct' or 'corrupt or malicious motives'"). These cases, however, do not stand for the proposition that a cause of action for willful and wonton conduct is *never* appropriate against a public official. The question thus is whether Defendants' actions are immunized under Sections 2-104, 2-206 or 2-201 of the Illinois Tort Immunity Act because immunity must be predicated on a statutory provision.

Plaintiffs allege in Count Four that Defendants "willfully and knowingly imposed requirements upon the Plaintiffs which has [sic] no basis in law or fact and were imposed upon no other similarly situated persons." (R. 50-1, Second Am. Compl., ¶ 82.) Plaintiffs claim that Defendants imposed unreasonable requirements in connection with their property. Specifically, Plaintiffs allege that Defendants improperly determined that their property was a wetland or "buffer zone" and contained illegal fill. (*Id.* ¶¶ 83-85.) They imposed unreasonable conditions on Plaintiffs in connection with these determination. They also allege that Defendants failed to issue them an occupancy permit for their commercial property in West Chicago, Illinois. (*Id.* ¶¶ 87, 92.) Finally, Plaintiffs claim that Defendants' actions were "knowing, willful and in reckless disregard of the Plaintiffs' rights." (*Id.* ¶ 108.)

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court views all the facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. *Christopher v. Harbury*, __ U.S. __, 122

S.Ct. 2179, 2182, 153 L.Ed.2d 413 (2002); *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Dismissal is appropriate only where it appears beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir.1999). Given that Plaintiffs' allegations in Count Four go beyond the mere denial of the permit and, therefore, could conceivably extend beyond the immunity afforded by Sections 2-104, 2-206, 2-201, it appears that Defendants' belated argument in favor of dismissal lacks merit.

### C. Willful and Wanton Conduct as an Issue for the Jury

Defendants further contend that the Court erred in holding that the issue of whether conduct is willful and wanton is a question of fact exclusively for the jury because the Court must first determine as a matter of law whether an employee's actions constitute willful and wanton conduct.

Defendants ignore the plain meaning of the Court's October 24 Opinion. In that Opinion, the Court held, first, that Illinois law does recognize a separate cause of action for alleged willful and wanton conduct. The Court held, second, that Plaintiffs' allegations, if true, would support a claim for willful and wanton conduct. The issue whether the Defendants' alleged conduct ultimately would support such a claim is a question of fact for the jury. Taking the Amended Complaint's allegations as true, which the Court must do in the context of a motion to dismiss pursuant to Rule 12(b)(6), the Court found that Plaintiffs stated a claim for alleged willful and wanton conduct.

## CONCLUSION

Defendants' motion for reconsideration is denied because Defendants have raised new legal arguments that they could have raised in their initial motion. Count Four stands.

DATED: December 16, 2002

            ENTERED

            _____
            AMY J. ST. EVE
            United States District Court Judge